UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL TRENT BARNES,

              Petitioner,

    v.

CHARLES DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

              Respondent.

_____

Civil No. 07-225-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

On February 15, 2007, petitioner filed a petition for a writ of habeas corpus [1] pursuant

to 28 U.S.C. § 2241.  He invokes this court's jurisdiction pursuant to 28 U.S.C. §§ 1331,

1343(4).  Petitioner is a federal prisoner incarcerated by the Bureau of Prisons (BOP) at the

Federal Correctional Institution in Sheridan, Oregon (FCI-Sheridan).

1 - OPINION AND ORDER

Petitioner alleges that the BOP decision to expel him from the BOP's Drug and Alcohol

Treatment Program (DAP) violated petitioner's First Amendment rights and was arbitrary,

capricious and an abuse of discretion.  As a remedy for this alleged wrong, petitioner requests

that the BOP be ordered to allow him to rejoin his original cohort and graduate from DAP as

originally planned with the sentence reduction and other benefits provided under 18 U.S.C. §

3621(e).

In its Response to Habeas Petition [7], which this court construes as a Motion for

Dismissal, respondent argues that the petition should be denied on grounds that petitioner was

expelled pursuant to valid policies and Program Statements and because petitioner violated an

agreement he signed previously in which he acknowledged his responsibilities and that he could

be expelled for disruptive behavior.

**BACKGROUND**

Petitioner was convicted on June 30, 2005, in the United States District Court for the

District of Hawaii for Cultivation of 1000 or More Marijuana Plants.  He was sentenced to fifty-

seven months imprisonment.

After his incarceration, petitioner was admitted into DAP and began participation in its

first stage, a 500-hour residential substance abuse treatment.  He was expelled from the program

on January 29, 2007, purportedly because he was unable "to make an unequivocal commitment

to substance abuse treatment" and behaved disruptively.  Resp. at 3.  Specifically, respondent

asserts that on several occasions during DAP sessions, petitioner "made several pro-marijuana

comments rather than focusing on the ways in which it has negatively impacted his life."  Resp.

at 4 (citing Ex. 3 to Declaration of Dr. Neil Solomon).  Doctor Solomon is the Drug Abuse

Treatment Program (DAPC) Coordinator at FCI-Sheridan.  He supervises the Drug Treatment

Specialists (DTS) who administer, among other programs, the 500-Hour Residential DAP at

FCI-Sheridan in accordance with the BOP'S Program Statement 5330.10.  Solomon Declar. at 1.

On December 28, 2006, Dr. Solomon met with petitioner and DTS Doretha Kocik for an

assessment of petitioner's "readiness for treatment from a clinical perspective."  *Id*. at 2.

Petitioner was reminded that "he signed an Agreement to Participate in [DAP] and also an

Acknowledgment of Readiness Statement," and petitioner agreed to "concentrate on exploring

all the ways in which cannabis negatively effected him and his loved ones."  *Id*. at 3.  Petitioner

received a warning that "if he did not demonstrate a willingness to consistently discuss effects of

cannabis use, he may be subject to all the penalties under the Acknowledgment of Readiness

Statement," including expulsion.  *Id*.

On January 29, 2007, Dr. Solomon decided to expel petitioner after determining that

petitioner did not appear willing to address his problems with cannabis.  *Id*.  The doctor's

conclusion was based upon a review of petitioner's draft of a "Treatment Plan" in which

petitioner expressed his goal to be "to truly determine what my Heavenly Father's Scriptures say"

about using marijuana.  Ex. 3 to Solomon Decl.  The doctor interpreted petitioner's draft as

indicating that petitioner would resist participating in activities that identified petitioner's

cannabis use as a "problem."  Solomon Decl. at 3.  Petitioner was offered access to the BOP's

"Non-Residential Drug Abuse Treatment" for his substance abuse problem instead.

Petitioner contends that the BOP "exaggerates the record."  Reply at 2.  Petitioner asserts

that he was expelled for "expressing his religious questions regarding the use of cannabis," and

3 - OPINION AND ORDER

that therefore, his expulsion violated his constitutional rights and was arbitrary, capricious and

an abuse of the BOP's discretion.

**ANALYSIS**

Under applicable portions of the Administrative Procedures Act (APA), agency actions,

findings and conclusions will be upheld unless they are "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(a); *see also Pac. Coast*

*Fed'n of Fishermen's Ass'ns. v. United States Bureau of Reclamation*, 426 F.3d 1082, 1090 (9th

Cir. 2005).  The scope of review is narrow, but the agency is required to articulate a rational

connection between the facts found and the conclusions reached.  *Midwater Trawlers*

*Co-operative v. Dept. of Commerce*, 282 F.3d 710, 716 (9th Cir. 2002).  Actions based on

internal agency guidelines are entitled to some deference, but are not entitled to the degree of

deference given to published agency regulations.  *Barq v. Daniels*, 428 F. Supp. 2d 1147, 1149

(D. Or. 2006) (citing *Grassi v. Hood*, 251 F.3d 1218, 1220 (9th Cir. 2001); *Edwards v. United*

*States*, 41 F.3d 154, 156 (3rd Cir. 1994) (BOP decision based on an internal guideline entitled to

"a minimal degree of deference")).

Petitioner challenges his expulsion from DAP and his loss of an opportunity for early

release.  Such a challenge is presented properly construed as a § 2241 habeas petition.  However,

there is no liberty interest in obtaining a reduced sentence, and § 3621(e)(2)(B) does not afford

such an interest.  *Smith v. Sniezek*, 2007 WL 642017, at *3-4  (N. D. Ohio February 27, 2007)

(the Constitution does not itself afford a prisoner a liberty interest in a reduced sentence and a

convicted person has no constitutional or inherent right to be conditionally released before the

expiration of a valid sentence).  Moreover, "no liberty interest exists to remain in a residential

4 - OPINION AND ORDER

drug treatment program."  *Id*. at *4.  The prisoner in *Smith* complained that he was not warned

before being expelled from the DAP, that the infraction for which he was charged did not

warrant immediate expulsion, and that he was entitled to be re-enrolled.  *Id*. at *3.  The court

concluded that:

> the facts suggest that the BOP has exercised its discretion to
> remove him from the program based on a violation of its policy.
> While the petitioner will be remain incarcerated longer than he
> anticipated before he was expelled from the [DAP], this fact does
> not impose an "atypical and significant hardship on the inmate in
> relation to the ordinary incidents of prison life."  *Sandin v. Conner*,
> 515 U.S. 472, 484 (1995).   While it may be less desirable to
> complete his term in prison, it is not a cognizable injury for which
> injunctive relief is available.

*Id*. at *4.

So it is here.  The BOP reviewed petitioner's conduct and treatment-related comments,

and determined that he had violated his Agreement to Participate and his Acknowledgment of

Readiness Statement.  This review, which was made with petitioner's participation, and the

subsequent decision to expel petitioner after warning him that "if he did not demonstrate a

willingness to consistently discuss effects of cannabis use, he may be subject to all the penalties

under the Acknowledgment of Readiness Statement," was a proper exercise of the BOP's

discretion.  Doctor Solomon's concern that petitioner would continue to resist participating in

activities that identified petitioner's cannabis use as a "problem" was reasonable and legitimate in

light of petitioner's written statements.  Solomon Decl. at 3.  In light of Dr. Solomon's legitimate

concerns for petitioner and the effectiveness of DAP, the BOP's decision to offer petitioner

access to the BOP's "Non-Residential Drug Abuse Treatment" for his substance abuse problem

imposed no cognizable injury for which injunctive relief is available.  Petitioner's contentions

5 - OPINION AND ORDER

that the BOP wrongfully expelled him for expressing religious questions regarding the use of

cannabis are therefore, rejected.  The BOP met its burden of articulating a rational connection

between the facts of petitioner's unique situation and the conclusion reached by the agency to

remove him from his class.  *Midwater Trawlers*, 282 F.3d at 716.

## CONCLUSION

This court concludes that the BOP exercised its discretion properly when it was

compelled to expel petitioner from DAP because of his conduct.  Petitioner's petition for a writ

of habeas corpus [1] is DENIED; the Response to Habeas Petition [7], which this court construes

as a motion for dismissal, is GRANTED.  This action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this  6   day of December, 2007.


                                    /s/ Ancer L. Haggerty
                                    Ancer L. Haggerty
                                    United States District Judge

6 - OPINION AND ORDER